IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| SOUTH CAROLINA DEPARTMENT OF MENTAL HEALTH, | C/A NO. 3:06-2718-CMC |
| Plaintiff, | |
| v. | **ORDER OF REMAND** |
| BEAZER EAST, INC., | |
| Defendant. | |

This matter is before the court on Plaintiff's motion to remand this action to the court of Common Pleas for Richland County, South Carolina. Plaintiff asserts that this court lacks subject matter jurisdiction over the action because Plaintiff is an alter ego of the state and, as such, cannot be a "citizen" of the state for purposes of diversity jurisdiction. For the reasons set forth below, the court agrees.

**STANDARD**

As the party invoking the court's jurisdiction, Defendant bears the burden of establishing that this case was properly removed. *See Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Bennett v. Bally Mfg. Corp.*, 785 F. Supp. 559, 560 (D.S.C. 1992). The removal statute is to be strictly construed and doubts resolved in favor of remanding the case to state court. *See Mulcahey*, 29 F.3d at 151; *McGraw v. FD Servs., Inc.*, 811 F. Supp. 222, 223 (D.S.C. 1993).

To be removable to federal court, a state action must be within the court's original jurisdiction. *See* 28 U.S.C. § 1441. In the present case, Defendant rests its assertion of jurisdiction on 28 U.S.C. § 1332 which provides for federal court jurisdiction "where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

## DISCUSSION

It is well settled that a State is not a "citizen" for purposes of diversity jurisdiction. *See generally Moor v. County of Alameda,* 411 U.S. 693, 717 (1973). Similarly, a state agency or political subdivision is not a "citizen" of the state if it is merely an "arm or alter ego of the State." *Id.* (finding county at issue not to be an arm or alter ego of the State); *Maryland Stadium Authority v. Ellerbe Becket, Inc.,* 407 F.3d 255 (4th Cir. 2005) (finding University of Maryland to be an alter ego of the state).

In *Maryland Stadium Authority,* the Fourth Circuit applied *Moor* to find that the University of Maryland was the alter ego of the state of Maryland. The University could not, therefore, be treated as a citizen for purposes of diversity jurisdiction. *Maryland Stadium Authority,* 407 F.3d at 263. The court considered the following four factors, drawn from Eleventh Amendment immunity case law, in determining that the University was the alter ego of the state:

1)   whether a judgment against the entity would be paid out of the state's treasury (or, where the state is the plaintiff, whether a judgment would inure to the benefit of the state);

2)   the degree of control that the state exercises over the entity;

3)   whether the entity is involved primarily in state concerns; and

4)   the manner in which state law treats the entity.

*Id.* (citing *Ram Ditta v. Maryland National Capital Park & Planning Commis.,* 822 F.2d 456 (4th Cir. 1987). Each of these factors favors finding that the South Carolina Department of Mental Health ("Department") is the alter ego of the state.

**Funding and financial control.** First and foremost, the Department is funded through the state budgetary process. Its employees are employees of the state, paid from state funds and participating in state retirement systems. *See generally, Littlefield v. South Carolina Forestry Comm'n,* 523 S.E.2d 781 (1973) (action by state employees, including employees of the Department of Mental Health). To the extent the Department receives federal funds, it does so as custodian of state funds. *See* S.C. Code Ann. § 44-9-70 (designating Department "as the State's mental health authority for purposes of administering Federal funds allotted to South Carolina under the provisions of the National Mental Health Act"). Whatever expenses the Department may have incurred as a result of the alleged wrong, or recovery it may receive as a result of this action, therefore, impacts the state treasury just as an action against the Department would impact the state treasury. *See generally* S.C. Code Ann. § 15-78-10 et seq. (S.C. Tort Claims Act, treating claims against state agencies as claims against the state and providing authority to Budget and Control Board to settle uninsured claims).

**Control.** The Department was created by state statute and vested with "jurisdiction over all of the State's mental hospitals, clinics and centers, joint State and community sponsored mental health clinics and centers and facilities for the treatment and care of alcohol and drug addicts, including the authority to name each facility." S.C. Code Ann. § 44-9-10. It is controlled by a commission whose members are appointed by the Governor with the advice and consent of the Senate. S.C. Code Ann. § 44-9-30(A)(1). *See also* S.C. Code Ann. §§ 44-9-30 (C) (stating that this "commission shall determine policies and promulgate regulations governing the operation of the department and the employment of professional and staff personnel") & 44-9-40 (stating commission appoints director who is responsible for administering the Department and appointment

of all other Department officers).  It must also report annually to the executive and legislative bodies of state government:

> The Commission shall submit an annual report to the Governor before the eleventh day of January of each year setting forth its activities, the financial affairs and the state and condition of the State mental health facilities and any other statistical information which is usually required of facilities of the type over which it has charge. The report shall include any recommendations which in the opinion of the Commission will improve the mental health program of the State. A copy of the report shall also be submitted to the General Assembly.

S.C. Code Ann. § 44-9-120.

**Statewide role.**  Contrary to Defendant's arguments, the role of the Department is statewide. *See* S.C. Code Ann. § 44-9-90(7) (requiring Department to "provide a statewide system for the delivery of mental health services to treat, care for, reduce and prevent mental illness and provide mental health services "). The fact that it may have local service centers throughout the state does not change its overall statewide focus.

**Treatment under state law.** Finally, it is clear that the state deems the Department to be a state agency.  This is demonstrated by numerous state statutes including those cited above and additional statutes cited in Plaintiff's memorandum in support of remand.  *E.g.,* S.C. Code Ann. § 1-30-10 (listing Department of Mental Health as one of 19 departments "created, within the executive branch of the state government").

**Non-waiver.**  Defendant argues, in effect, that the Department has waived its right to challenge its status as a non-citizen because it has previously filed cases in this court asserting that it was a citizen for purposes of diversity jurisdiction.  Such an argument ignores black letter law that defects in subject matter jurisdiction cannot be waived and may be raised at any time, by the parties

or the court. *Brickwood Contractors, Inc., v. Datanet Engineering, Inc.,* 369 F.3d 385, 390 (4th Cir. 2004); *Goldsmith v. Mayor & City Council of Baltimore,* 845 F.2d 61, 64 (4th Cir. 1988).

## CONCLUSION

For the reasons set forth above, the court finds that the Department is a state agency and the alter ego of the state. It follows that it is not a "citizen" of a state subject to diversity jurisdiction under 28 U.S.C. § 1332. This court, therefore, lacks subject matter jurisdiction over the action and it must be remanded to the state court from which it was removed.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 13, 2006